UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JACK AARON PIERCE,

Plaintiff,

v.                                          No. 1:18-cv-01090-JAP-KK

THE BOARD OF COUNTY COMMISSIONERS
OF VALENCIA COUNTY, NEW MEXICO, in
their Official Capacity, LOUIS BURKHARD,
SHERIFF OF VALENCIA COUNTY, NEW MEXICO,
in his Official Capacity, SEAN LAURSEN of the
VALENCIA COUNTY SHERIFF'S DEPARTMENT,
in his Individual and Official Capacity as Deputy,
JAMES HARRIS of the VALENCIA COUNTY
SHERIFF'S DEPARTMENT, in his Individual and
Official Capacity as Deputy, JOHN DOES
1-10, in their individual and Official Capacities
and JANE DOES 1-10, in their individual and
Official Capacities.
Defendants.

### PLAINTIFF'S MOTION FOR ORDER OF CONTEMPT AGAINST NEW MEXICO DEPARTMENT OF CORRECTIONS

The New Mexico Department of Corrections has flat-out refused to comply with this Court's Order to Transport Plaintiff to the Court's settlement conference [Doc 72], suggesting instead that Plaintiff arrange transport with the Federal Marshalls (who have advised that they lack jurisdiction) or that Plaintiff arrange transport with Valencia County Sheriff's Department (the defendant in this case whose officers *undisputedly* tased Mr. Pierce *7 times* in *less than a minute* and then *lied* about it in their incident reports).  Ex 3.  The Department of Corrections' refusal to comply with this Court's order amounts to contempt at a minimum, and at worst, it amounts to an effort to aid and abet Defendant Valencia County in intimidating, injuring, and/or setting up Mr. Pierce on false charge by giving them unfettered access to him and control over him while

embroiled in litigation.  Because the Department of Corrections has expressed its refusal to comply with this Court's order, Plaintiff respectfully asks the Court to find the New Mexico Department of Corrections in contempt.

## FACTS

1. On October 11, 2019 this Court issued an order to transport Plaintiff from Guadalupe County Correctional Facility to this Court's settlement conference scheduled for January 15, 2010.  [Doc 63].

2. The same day, Plaintiff transmitted the Order to the Department of Corrections to coordinate the transport.  The Department of Corrections did not respond. Ex. 1.

3. Subsequently, the Department of Corrections transferred Plaintiff to the Southern New Mexico Correctional Facility without explanation, and Plaintiff sought another order from the Court to transport from that facility – which the Court issued on December 9, 2019.  [Doc 72].[1]

4. The same day, Plaintiff transmitted the second Order to the Department of Corrections to coordinate the transport.  Ex 2.

5. In response, Corrections Department Deputy General Counsel Alexander Beattie advised that the Corrections Department was *refusing to comply with this Court's order*.  Ex 3. As feeble excuses for Corrections' refusal to obey the order, Beattie falsely claimed that Corrections supposedly lacks jurisdiction within the Federal Courthouse and lacked the budget to comply; and *preposterously* suggested that the transport by conducted by the U.S. Marshalls [who lack jurisdiction] or Valencia County Sheriff's Department [who is party to this case]; and that Valencia County "retain" Mr. Pierce overnight in *Valencia County facilities* and [having had

---

[1] This unexplained transfer placed Valencia County between Plaintiff and this Court – a fact that becomes relevant later in this Motion.

adequate opportunity to intimidate Mr. Pierce, injure him, and/or falsely accuse Mr. Pierce of additional crimes], perform the Department of Corrections' job for it the next day. *Id.*

6. Sean Cozart of the U.S. Marshalls responded to Corrections' ***patently false*** excuses and ***ridiculous*** suggestions, advising that Mr. Beattie's email contained falsehoods, that the Corrections Department has transported prisoners to civil proceedings on many occasions, that the U.S. Marshalls lack jurisdiction over this transport, and that it is probably a "bad idea" to have Valencia County transport Plaintiff because it is ***party to this case***. Ex 4.

7. Plaintiff then responded to Mr. Beattie, recognizing that Valencia County undoubtedly had a "special surprise" planned for Mr. Pierce, and insisting that the Department of Corrections confirm its willingness to comply with this Court's order by close of business Friday, December 13. Ex 5.

8. To date, the Department of Corrections has failed to confirm its willingness to comply with this Court's order.

9. Based on the Corrections Departments' expressed refusal to comply with this Court's order to transport, its disregard for the U.S. Marshalls advisement that they lack jurisdiction over this transport, and its refusal to confirm its willingness to comply with this Court's order, Plaintiff seeks an order of contempt against the Corrections Department.

## ARGUMENT

Contempt sanctions are appropriate when an entity subject to an order refuses to comply with the order. *In re Lucre Mgmt. Grp., LLC*, 365 F.3d 874, 876 (10th Cir. 2004). Here, the Court has ordered the Department of Corrections to transport Plaintiff to this Court's settlement conference on January 15, 2020. The Department of Corrections has refused to comply, with only

the feeblest and most patently false excuses.   [Doc 72]; Ex 3.  Only an order of contempt is sufficient to vindicate this Court's authority.

Accordingly Plaintiff asks this Court to issue an order of contempt against the Corrections Department for its unwillingness to comply with this Court's order to transport Plaintiff to the Court's settlement conference on January 15, 2020.


Respectfully Submitted,

_____

Andrew Indahl
Altura Law Firm
500 Marquette Dr. NW
Suite 1200
Albuquerque NM 87102
andy@alturalawfirm.com
5052648741

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MARK LUCERO,

    Plaintiff,

v.

CITELUM US., INC.,   No.   1:18-CV-01088-WJ-SCY

    Defendant.

## CERTIFICATE OF SERVICE

The undersigned affirms that on December 16, 2019, he served the foregoing Motion for Order to Contempt on Counsel for Defendants through the CM/ECF system and by email to the Department of Corrections at Alexander.Beattie@state.nm.us.

_____

Andrew Indahl
Altura Law Firm
500 Marquette Dr. NW
Suite 1200
Albuquerque NM 87102
andy@alturalawfirm.com